IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Monte Holsenbeck, | ) | C/A No. 6:18-cv-01391-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Bravo Carpenters, Inc., D.R. Horton, Inc., Sabino Rico-Zuniga d/b/a Rico Construction, and Rico Construction, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **OPINION AND ORDER** |
| Bravo Carpenters, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sabino Rico-Zuniga d/b/a Rico Construction, and Rico Construction, LLC, | ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant D.R. Horton, Inc.'s [4] Motion to Dismiss, [26] Defendants/Third-Party Defendants Sabino Rico-Zuniga d/b/a Rico Construction and Rico Construction, LLC's Motion to Dismiss, [37] Plaintiff's Amended Motion to Remand,[1] [40] Defendant D.R. Horton, Inc.'s Motion to Strike and, in the Alternative, to Dismiss Plaintiff's Amended Complaint, and [60] Defendant/Third-Party Plaintiff Bravo Carpenter, Inc.'s Motion to Dismiss Counterclaim of Third-Party

---

[1] Plaintiff initially filed a Motion to Remand on August 23, 2018, ECF No. 35, which was later amended on August 28, 2018, ECF No. 37. Accordingly, the initial Motion to Remand is denied as moot.

Defendants, or in the Alternative, Motion to Strike Counterclaim of Third-Party Defendants. The Motions have been fully briefed and are ripe for review.

## I. Procedural and Factual History

On April 11, 2018, Plaintiff filed a Complaint against Defendants Bravo Carpenters, Inc. and D.R. Horton, Inc. in the Court of Common Pleas for the County of Greenville, South Carolina, alleging a non-jury cause of action for negligence arising out of a workplace injury. ECF No. 1-1. By way of summary, Plaintiff alleges that he was employed by Professional Cabinetry Installation, which was a subcontractor engaged by Defendant D.R. Horton, Inc. for the purpose of installing cabinets in a new residential dwelling. *Id.* at 6. While working, Plaintiff fell from the second story of a home where Defendant Bravo Carpenters, Inc., also a subcontractor of Defendant D.R. Horton, Inc., "had constructed a set of steps and landing areas on the second floor without a hand railing, guard railing, or any type of fall protections." *Id.* at 7. As a result of his fall, Plaintiff was seriously injured, leading to his initial state law negligence claims against Defendants D.R. Horton, Inc. and Bravo Carpenters, Inc. *Id.* at 7–9. Plaintiff served the Complaint on Defendant D.R. Horton, Inc. on May 9, 2018. ECF No. 1-1 at 2.

On May 22, 2018, Defendant D.R. Horton, Inc. filed a Notice of Removal, contending this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. The Notice of Removal states Plaintiff is a citizen of South Carolina, Defendant D.R. Horton, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Texas, and Defendant Bravo Carpenters, Inc. is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina. *Id.* at 2. Additionally,

Defendant D.R. Horton, Inc. contends the amount in controversy exceeds $75,000. Therefore, pursuant to 28 U.S.C. § 1332, complete diversity existed and this Court had subject matter jurisdiction over the case when it was removed.

Following removal, Defendant D.R. Horton, Inc. filed a Motion to Dismiss, which has been fully briefed. ECF Nos. 4, 10, 20. In its Motion, Defendant D.R. Horton, Inc. contends it is Plaintiff's statutory employer and, thus, is immune from liability in tort under the exclusivity provision of the South Carolina Workers' Compensation Act. ECF No. 4. The parties then filed a Joint Motion to Stay Pending Resolution of Defendant's Motion to Dismiss, which was granted on June 4, 2018, by the Honorable Bruce Howe Hendricks, United States District Judge for the District of South Carolina. ECF Nos. 13, 16.

On June 19, 2018, Defendant Bravo Carpenters, Inc. filed an Answer, and, on June 28, 2018, filed a Third-Party Complaint against Third-Party Defendants Sabino Rico-Zuniga d/b/a Rico Construction and Rico Construction, LLC (collectively, "the Rico Defendants"). ECF Nos. 22, 23. The Third-Party Complaint alleges that the Rico Defendants, citizens of South Carolina, were subcontractors of Defendant Bravo Carpenters, Inc. and seeks equitable indemnification of any damages owed to Plaintiff. ECF No. 23. Thereafter, on August 18, 2018, the Rico Defendants filed a Motion to Dismiss Defendant/Third-Party Plaintiff Bravo Carpenters, Inc.'s Third-Party Complaint as well as an Answer and Counterclaim. ECF Nos. 26, 27. Defendant/Third-Party Plaintiff Bravo Carpenters, Inc. filed a Response, and the Rico Defendants filed a Reply. ECF Nos. 42, 49.

On August 21, 2018, Plaintiff filed an Amended Complaint maintaining its cause of action against Defendant D.R. Horton, Inc. and Bravo Carpenters, Inc. and adding a

negligence cause of action against the Rico Defendants. ECF No. 28. A short time later, on August 23, 2018, Plaintiff filed a Motion to Remand, ECF No. 35, and, on August 28, 2018, an Amended Motion to Remand. ECF No. 37. The essence of Plaintiff's Motions is that the joinder of the Rico Defendants as parties to the action destroyed complete diversity, warranting an order of remand under 28 U.S.C. § 1447(e). ECF Nos. 35, 37. Defendant D.R. Horton, Inc. filed a Response, and Plaintiff filed a Reply. ECF Nos. 41, 44.

In addition to opposing Plaintiff's Amended Motion to Remand, on August 30, 2018, Defendant D.R. Horton, Inc. filed a Motion to Strike and, in the Alternative, to Dismiss Plaintiff's Amended Complaint. ECF No. 40. In its Motion, Defendant D.R. Horton, Inc. contends Plaintiff's Amended Complaint was untimely and improperly filed. To that end, Defendant D.R. Horton, Inc. argues Plaintiff failed to comply with Federal Rule of Civil Procedure 15 in filing his Amended Complaint because the Amended Complaint was filed without the consent of Defendant D.R. Horton, Inc. and without leave of court. *Id.* at 3. In its own words, Defendant D.R. Horton, Inc. contends:

> As demonstrated by the almost contemporaneous filing of a Motion to Remand (ECF No. 35), Plaintiff's unauthorized amendment is an attempt to destroy diversity in order to wrest jurisdiction from this Court while this Court considers [Defendant D.R. Horton, Inc.'s] dispositive motion. Plaintiff is improperly attempting to circumvent the requirements of Fed. R. Civ. P. R. 15 (sic) in an effort to forum shop, and evade the Court's ruling on [Defendant D.R. Horton, Inc.'s] Motion to Dismiss. Each of these actions fly in the face of the spirit of the Rules.

*Id.* Plaintiff filed a Response, and Defendant D.R. Horton, Inc. filed a Reply. ECF No. 45, 55.

Finally, on October 5, 2018, Defendant/Third-Party Plaintiff Bravo Carpenters, Inc. filed a Motion to Dismiss Counterclaim of Third-Party Defendants, or in the Alternative,

Motion to Strike Counterclaim of Third-Party Defendants. ECF No. 60. The Rico Defendants filed a Response, and Defendant/Third-Party Plaintiff Bravo Carpenters, Inc. filed a Reply. ECF Nos. 62–63.

As the above demonstrates, the Court has a large number of pending motions before it in this case. After reviewing the parties' filings and the relevant law, the Court finds that it lacks jurisdiction in light of Plaintiff's Amended Complaint. Accordingly, as detailed below, the Court **GRANTS** Plaintiff's Amended Motion to Remand, ECF No. 37, and **DENIES AS MOOT** the remaining motions.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999). A party seeking to remove a case from state to federal court bears the burden of proving that jurisdiction is proper when it files its notice of removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey*, 29 F.3d at 151.

The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Without jurisdiction based on the presentation of a federal question, a federal district court has only "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. §1332(a).  The diversity jurisdiction statute has "consistently been held to require complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (footnote omitted).

Following removal of a case to federal court, a plaintiff may file a motion to remand the case to state court.  28 U.S.C. § 1447.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  *Id.* § 1447(c).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded."  *Id.*  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  *Id.* § 1447(e).  Under § 1447(e), the district court has broad discretion to decide whether or not to permit joinder of a non-diverse defendant.  *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).  "In exercising its discretion under Section 1447(e), the district court [is] entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the

plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id.* (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998)).

## III. Analysis

Federal Rule of Civil Procedure 1 contains a vitally important, but often overlooked, mandate that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It is with that principle in mind that the Court turns to the myriad motions pending in this case. While there are many issues that are contested in these motions, there are three important issues that are uncontested. First, Plaintiff is a citizen of South Carolina. Second, the Rico Defendants are citizens of South Carolina. Third, if the Rico Defendants become defendants to Plaintiff's claims, the Court no longer has subject matter jurisdiction and the case should be remanded to state court.

Defendant D.R. Horton, Inc. opposes Plaintiff's Amended Motion to Remand on three grounds: (1) Plaintiff's claims against the Rico Defendants are procedurally improper as Plaintiff failed to comply with Federal Rule of Civil Procedure 15; (2) the Court lacks supplemental jurisdiction as to any first party claims against the Rico Defendants; and (3) Plaintiff's claims against the Rico Defendants, if permissible, should be severed so as to preserve diversity of jurisdiction. The Court turns first to Defendant D.R. Horton, Inc.'s argument that the Amended Complaint is not properly before the Court.

Federal Rule of Civil Procedure 14(a)(3) permits a plaintiff to "assert against the third-party defendant any claim arising out of the transaction or occurrence that is the

subject matter of the plaintiff's claim against the third-party plaintiff."  Plaintiff contends this Rule permitted him to file the Amended Complaint without seeking leave of the Court pursuant to Federal Rule of Civil Procedure 15.  The Court has reviewed the case law on the issue and notes that district courts have struggled with determining what procedure must be followed when a plaintiff brings a claim pursuant to Rule 14(a)(3).  *See* 6 Fed. Prac. & Proc. Civ. § 1459 (3d ed. Nov. 2018) (noting the lack of guidance as to the specific procedure courts must apply).

Despite the lack of authority on this issue, the Court need not address the nuances of the interplay between Rule 14(a)(3) and Rule 15.  "In general, if an amendment that cannot be made as of right is served without obtaining the Court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is re-submitted for the Court's approval."  *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980).  "However some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change."  *Id.*  "Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities."  *Id.* at 8–9 (citation omitted).

Here, the Court finds that, even if Rule 15 applies to Plaintiff's Amended Complaint, the Amended Complaint is properly filed.  This case is relatively new, as it was only filed on May 22, 2018.  Almost immediately after the commencement of the case, the parties

jointly asked the Court to stay the case—including discovery—pending resolution of Defendant D.R. Horton, Inc.'s initial Motion to Dismiss.  The Court granted this Motion to Stay on June 4, 2018, and the parties have conducted minimal discovery since that time.  In fact, on October 1, 2018, the Court held a telephone conference with the parties and encouraged Defendant D.R. Horton, Inc. to "produce a limited amount of information pending resolution of its dispositive motion."  ECF No. 59.  In a Status Report filed ten days later, the parties informed the Court that no motion to compel would be forthcoming as Defendant D.R. Horton, Inc. produced 130 pages of documents to Plaintiff.  It is clear from this that very little has been done in this case, aside from filing numerous dispositive motions.  Therefore, the Court finds that no party will be prejudiced by proceeding as if Plaintiff's Amended Complaint was filed pursuant to Rule 15.  Moreover, the Court makes a specific finding that it would have granted such a motion to amend had Plaintiff filed one.  While Rule 15 is an important safeguard for the Court to expeditiously and fairly resolve cases, in this case, the Court disposes of the needless formalities of requiring Plaintiff to withdraw the Amended Complaint so that it may seek leave (which will be granted) to refile the Amended Complaint.  Accordingly, the Court finds that the Amended Complaint is properly before the Court.

The Court turns next to Defendant D.R. Horton, Inc.'s second argument, which claims the Court lacks supplemental jurisdiction over Plaintiff's claims against the Rico Defendants.  The Fourth Circuit has interpreted 28 U.S.C. § 1367(b)'s limitation on the exercise of supplemental jurisdiction to *only* apply "to *plaintiffs'* efforts to join nondiverse parties."  *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) (citation omitted).  Here, Defendant Bravo Carpenters joined the Rico Defendants as a party;

Plaintiff did not. Plaintiff merely seeks to add a claim against a party already joined to the case, which is authorized pursuant to Rule 14(a)(3). The policy underlying Section 1367(b) is to prohibit Plaintiff from manufacturing federal jurisdiction where none would exist. *Id.* at 493. That is not the case here.

Finally, Defendant D.R. Horton, Inc. seeks to have Plaintiff's claim against the Rico Defendants severed. At this stage of the proceedings, the Court cannot make a finding that the Rico Defendants are a dispensable party subject to severance. Defendant/Third-Party Plaintiff Bravo Carpenter, Inc.'s case against the Rico Defendants is one for indemnification, leading to the logical conclusion that the Rico Defendants are potential joint tortfeasors as to Plaintiff's underlying claims. Under the relevant rules, it would be premature and inappropriate for the Court to find that a direct claim by Plaintiff against the Rico Defendants would be dispensable and subject to severance.

## IV. Conclusion

Accordingly, the Court **GRANTS** [37] Plaintiff's Amended Motion to Remand and **DENIES AS MOOT** [4], [26], [35], [40], [60] the remaining motions. This matter is remanded to the Court of Common Pleas for the County of Greenville, South Carolina.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

February 15, 2019
Spartanburg, South Carolina